**FILED**

JAN 29 2010

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen Sheffield, <br><br> Plaintiff, <br><br> v. <br><br> Tommy Bonds, <br><br> Defendant. | Civil Action No.  **10 0180** |

# MEMORANDUM OPINION

Plaintiff Stephen Sheffield has filed an application to proceed in forma pauperis and a pro se complaint. The application will be granted and the petition will be dismissed.

Sheffield is a prisoner currently incarcerated at the United States Penitentiary in Florence, Colorado. Compl. at 1. The complaint, filed under 42 U.S.C. §1983, seeks damages in the amount of $100 million from the defendant, an officer in the District of Columbia Metropolitan Police Department. *Id.* at 1, 4. It asserts that the defendant fabricated charges against the plaintiff, and that the plaintiff is now imprisoned for crimes he did not commit. *Id.* at 5.

Plaintiff's action is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. *Id.* at 479. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his

conviction or confinement." *Id.* at 486. Accordingly, "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, the wrongs that plaintiff alleges, if proved, would render his conviction invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated.[1] Therefore, under the rule in *Heck v. Humphrey,* this civil rights action for damages must be dismissed.

A separate order of companies, this memorandum opinion.

Date: Jan. 20, 2010

United States District Judge

---

[1] Plaintiff has recently noticed a direct appeal from his criminal conviction.

-2-